T.C. Summary Opinion 2011-113

UNITED STATES TAX COURT

GAIL MARIE WATSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14769-10S.                Filed September 28, 2011.

Gail Marie Watson, pro se.

<u>Ryan M. Wyzik</u>, for respondent.

DAWSON, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

case. Respondent determined a deficiency of $3,000.60 in petitioner's 2008 Federal income tax. The case is before the Court on respondent's motion for summary judgment under Rule 121. Petitioner filed a response opposing the motion.

The only issue for decision is whether pursuant to section 72(t)(1) petitioner is liable for a 10-percent additional tax on early distributions from a qualified retirement plan.

## Background

Petitioner resided in Washington, D.C., at the time she filed her petition. All of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner, who was born in 1953, was a full-time employee of the Association of American Medical Colleges (AAMC) from March 1, 1981, until her retirement on December 30, 2006. She was then 53 years of age.

Petitioner was a participant in AAMC's qualified retirement plan, identified as TIAA-CREF as Agent for JP Chase Bank Retirement Plans Trustee. In 2008 petitioner received two distributions totaling $30,006 from AAMC's qualified retirement plan. She reported on line 16(b) of her 2008 Federal income tax return that she received $30,006 from pensions and annuities, which represented the gross distributions from AAMC's qualified

retirement plan. She was 55 years of age when she received the distributions.

When petitioner timely filed her 2008 Federal income tax return, she included in income the total $30,006 received as distributions from AAMC's qualified retirement plan and paid tax on that amount. But she did not include the 10-percent additional tax of $3,000.60.

Respondent's notice of deficiency determined that petitioner is liable for the 10-percent additional tax of $3,000.60 because she received the distributions before she attained age 59-1/2 and the payments did not qualify for the exceptions set forth in section 72(t)(2)(A)(i) and (v).

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). However, the party opposing the summary judgment must set forth specific facts that show a genuine issue of

material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d). Here there is no genuine issue of material fact and a decision may be rendered as a matter of law.

Section 72(t) provides, in pertinent part, as follows:

SEC. 72(t). 10-Percent Additional Tax on Early Distributions from Qualified Retirement Plans.

(1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

(2) Subsection not to apply to certain distributions.--Except as provided in paragraphs (3) and (4), paragraph (1) shall not apply to any of the following distributions:

(A) In general.--Distributions which are--

(i) made on or after the date on which the employee attains age 59½,

 *     *     *     *     *     *     *

(v) made to an employee after separation from service after attainment of age 55 * * *

Respondent contends that petitioner does not qualify for the exception to the 10-percent additional tax under section 72(t)(2)(A)(v) because she had not attained age 55 on or before December 30, 2006, when she separated from service with her employer, AAMC. She was then age 53. He interprets the phrase "[Distribution] * * * made to an employee after separation from

service after attainment of age 55" as meaning the employee must have separated from employment after reaching age 55. To the contrary, petitioner asserts that she qualifies for the exception to the additional 10-percent tax on the early distributions from AAMC's qualified retirement plan because she was 55 years of age when she received them in 2008 even though she had separated in 2003 from service with her employer. In her response to the motion for summary judgment, petitioner points out that the statement in the explanation of the deficiency notice, i.e., "Payment made from the Plan after you separate from service if you will be at least 55 during the year of the payment", was misleading and she should not have to pay the 10-percent additional tax. Although we acknowledge that the statement may have been confusing to petitioner, we think the law is clear.

We agree with respondent's interpretation of section 72(t)(2)(A)(v) and conclude that petitioner is liable for the 10-percent additional tax. See Owusu v. Commissioner, T.C. Memo. 2010-186; Hemrick v. Commissioner, T.C. Memo. 2009-272, n.2. Moreover, the following legislative history regarding the age 55 exception supports our conclusion:

> In all cases, the exception applies only if the participant has attained age 55 on or before separation from service. Thus, for example, the exception does not apply to a participant who separates from service at age 52, and, pursuant to the early retirement provisions of the plan, begins receiving benefits at or after age 55. * * *

H. Conf. Rept. 99-841 (Vol. II), at II-456 to II-457 (1986), 1986-3 C.B. (Vol. 4) 1, 456-457.  In view of that explanation we think any possible ambiguity in section 72(t)(2)(A)(v) is resolved.

Likewise, the exception in section 72(t)(2)(A)(i) does not apply to petitioner because she was obviously less than 59-1/2 years of age when she received $30,006 in distributions from AAMC's qualified retirement plan in 2008.

While petitioner believes it is unfair and inequitable[2] in these circumstances to hold her liable for the 10-percent additional tax, and we have sympathy for her plight, there is no statutory authority to hold otherwise in this situation.  Only Congress can change the statute.

Accordingly, we will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.

---

[2]Petitioner states:  "I don't understand all the laws of government but one thing I do understand and can't believe is that the government will come after the poor and the rich go free".